May it please the Court, just for the record, Andrew Parnes appearing on behalf of Mr. Lee. It's saying is his first name, Lee is the last name. We've tried to get that corrected throughout, but we've not been fully successful. We have a problem with case captions once the clerk enters it into the computer. It's like the IRS. I know, and I've tried, and I've tried, but not been successful. We'll see if we can take care of that. Your Honor, this case is before the Court on the matter of the jury instructions as well as some other matters. I'll just address the jury instructions and submit the other matters. The Attorney General concedes that this case is that this panel is bound by the decision in Gibson. This is almost on all fours identical to the Gibson case, and the situation here is that this is a jury instruction that was developed in 1996 related to a 1995 enactment of 1108. By 1999, just three years later, this instruction was taken out of the California jury instructions after the falsetto decision. So this is one of a few cases that are in that time period where the issue was addressed in the State Court and fully presented to the district court judge and is here for a decision. And essentially, this is, as I said, identical to Gibson. The instructions that were given were the same as in Gibson. The other instructions regarding reasonable doubt that the Gibson court analyzed is identical. And what the Gibson court did is the proper approach. It clearly cites the relevant case law. It analyzes these instructions under the Supreme Court law and then makes its decision. And in light of that, this case has to be reversed because of Gibson. It is not a situation of ambiguity. What Gibson said was this is a situation where the instructions are erroneous and they are clear. And in Boyd, the court looks at two, the U.S. Supreme Court looked at two things. There are cases in which instructions are in conflict and in error. And the Gibson case cites Kuhl versus the United States, which is one of those cases where there is a proper beyond a reasonable doubt instruction and an improper instruction regarding how to weigh accomplished testimony. And the court was based, looking at that, reversed in the Kuhl case. And this court in Gibson looked at those cases, analyzed all those instructions, and determined that they were improper. I think this panel is bound by that in this particular case. And you would say that that is a structural error because it goes to the very essence of the burden of proof that the prosecution must meet? Yes. Yes. If there are no further questions on it, I would reserve time for rebuttal. Very well. Let's hear from Ms. Ruffer. May it please the Court, Peggy Ruffray, Deputy Attorney General for Respondent. It's our position that Gibson is distinguishable from this case, but it's also incorrect. We respectfully submit that the Gibson panel failed to realize the impact of the Supreme Court's opinion in Middleton versus McNeil. I have to tell you, I thought that was a pretty good argument until I looked at Gibson and saw that they cited to Middleton. So... They did cite Middleton. Middleton had just come out when Gibson was decided. So that was not briefed or argued. It had been out for, I think, a month or so. And the Gibson court cited it only for a general principle of law, not for the specific point that we are making now, which we think is incompetent. But we're going to be foreclosed from saying that Middleton is intervening, is an intervening decision, and we can disagree with our prior decision in Gibson. So the panel here is bound by Gibson. Yes. And at best, what you can do is ask us to request en banc review. Correct. That's exactly what we're doing. You're bound, but you're not gagged by the Gibson opinion. Or only temporarily gagged. Yes. Maybe muffled would be a better word. It would be hard to shut up this panel, so. Why don't you proceed with the grounds upon which you distinguish Gibson? Well, the distinguishable, yes. I think it's important to note that this is a case of the prosecutor's argument. The prosecutor in Gibson actually argued the improper inference. The prosecutor said, all you have to do is find by a preponderance that he committed the prior offenses and then find that he committed the current offenses. That's not what happened in this case, and we filed a second supplemental excerpts of record which has some portions of both the prosecutor's and defense attorney's closing arguments, where the prosecutor repeatedly emphasizes the reasonable doubt standard. He says, that's the way it is in the United States. I welcome that burden. He said, if there is a question, you must err in favor of the defendant when it comes to reasonable doubt. And he only mentioned the preponderance standard. He said, this is the only piece of evidence that you can apply the preponderance standard to, this prior uncharged act. Then the defense attorney comes up, and he repeatedly emphasizes the reasonable doubt standard. And he even argued the prior uncharged conduct in terms of reasonable doubt. So it's our position that that's completely different than the situation in Gibson, where the prosecutor exacerbated the situation. And in Middleton v. But doesn't the instruction say, if you find on a preponderance of the evidence as to the prior act, that the prior act occurred, then on that finding and on that finding alone, you may find beyond a reasonable doubt that the second charged act occurred? Well, I don't think that the challenged instructions state that quite so clearly. That is an inference that can be drawn from them. But then you have all the other things. That was the whole Gibson point, wasn't it? Yes. That could be interpreted that way. And that's the same instructions which were given in this case. They were. The fact that the prosecutor didn't argue preponderance as the standard for the charged act, as he apparently did according to you in Gibson, doesn't really change the effect of the instructions here, does it? Well, in Middleton v. McNeil, the Supreme Court said that the arguments of counsel may clarify the instructions, especially when it's the prosecutor's argument that clarifies an ambiguity that would otherwise resolve against the defendant. So we think that's extremely significant in this case. But to go back to my other point, that we think that Gibson was incorrectly decided, I'd like to explain that a little bit more. In Middleton v. McNeil, the court was faced with a clearly incorrect instruction. And we conceded it was incorrect from the beginning. But the court said that fact alone is not enough to find a due process violation. The court said we have to look at all the instructions to determine whether there is an ambiguity. And that's what the Gibson court didn't do. The Gibson court specifically said that the Estelle test, which allows you to look at the other instructions and the arguments of counsel and the record, they said that that presupposes an ambiguity in those challenged instructions. Well, then help me with this language, because I did look at this after I received your pleading that said you need to make a sua sponte and bank call on Gibson to see how they handled Middleton. And I'm referring specifically to pages 820 and 821 of Gibson at 387F3rd. And after citing to Middleton v. McNeil and pointing out the problem with the instructions here, the Gibson panel then went on to declare that where such an error existed is considered structural and thus is not subject to harmless error review. But then they go on to say, however, if a jury instruction is deemed ambiguous, it will violate due process only when a reasonable likelihood exists that the jury has applied the challenged instruction in a manner that violates the Constitution, citing Estelle. Correct. And then they add any challenged instruction must be considered in light of the full set of jury instructions and the trial record as a whole. And they cite to Cupp v. Naughton. However, there's a footnote. I think it's footnote 8, but I can't recall. Okay. Where they specifically criticize the state court for using the Estelle test and the reasonable likelihood test. They say that that does not come into play unless the challenged instructions alone are ambiguous. So it presupposes that those instructions are ambiguous. That's what the Gibson court said in the footnote. So essentially what you're saying is they paid lip service but didn't really apply the Middleton framework? Correct. Because clearly what they said is there's another sentence in the opinion where they say these two instructions violate due process. And at that point, they haven't even looked at any of the arguments of counsel or the other instructions. They're looking at them alone. Didn't they find instructions were not ambiguous? They found that they were not ambiguous, and therefore, they found that you couldn't even consider all of the other instructions and the arguments of counsel. That's the methodological approach that we believe is wrong and cannot be reconciled with Middleton v. McNeil, because in Middleton, like this case, there was an instruction that was not ambiguous. It was wrong. And we can see that it was wrong from the outset. But the Supreme Court said you have to look at all the instructions to determine whether there's an ambiguity. And if there is, then you look at all these other factors to see if a constitutional violation arose. But why didn't you or did you seek rehearing in bank in Gibson? We did not, Your Honor. And in all candor, it was simply because we didn't at that point recognize the impact of Middleton. It was new. And since then, we have – our entire office has reconsidered that position. And so in a number of cases, we have argued that en banc review of Gibson would be appropriate at this point. So it probably would have been the better practice to recognize it in the Gibson case itself and to seek en banc rehearing then. But we think this is an important point because, by definition, these cases affect the most serious repeat offenders because it's cases where there is a prior. And so in all these cases, all the ones on calendar today, we've noted some other related cases. And then, of course, there are a number in the district court. All these cases, if they summarily get reversed, it's a serious impact on the California justice system. And not only that, the reason we're seeking en banc recommendation is because this won't just apply to these cases. This methodological approach that we believe conflicts with Middleton could apply to any jury instruction case. And the State courts don't use that distinction of if it has to be originally ambiguous or not ambiguous. They don't do that. So it's setting those cases up for automatic reversal in the Federal courts that do use that test. And we contend you have to base your habeas relief on Supreme Court authority in 2254 cases. And Middleton is saying the exact opposite of what the Gibson framework set up for first looking at just those instructions. If they're not ambiguous, then it's a due process violation and the story is over. And then you can't get to the impact of the other instructions or the prosecutor's And would have cleared up any question that the jury had about how to use that prior evidence in this particular case. Anybody have anything further? Thank you. Thank you very much. Mr. Barron. Briefly, yesterday I submitted some statement of relations. And one of them that I cited was Davis v. Adams, which was decided, an unpublished decision, but since we're talking about en banc review, I think it's appropriate to bring to the Court's attention. And that was a panel decision that was decided in March of 2005, unpublished. And the State Attorney General's Office petitioned for en banc review, and there was no vote to hear the matter en banc. And that case is essentially a one-page decision applying Gibson to the facts of Davis and holding that they were bound. Do you happen to have the docket number for that one? It is 03-17039. And en banc review was denied on April 28th of 2005. So I'm not sure that it is necessary at this point. I think the full Court has been advised of that and has not chosen. That case basically said we're controlled by Gibson v. Ortiz, the Davis v. Adams case. Other than that, I would simply say that just a couple of factual things. Middleton was decided in May of 2004, and Ortiz was decided in October of 2004. I think the panel certainly had plenty of time to review the impact of that case on there. The other matter is that the Court looked at, in Gibson, looked at the instructions and found no ambiguity overall. It did the proper analysis. It wasn't just whether this particular instruction was ambiguous. It looked at all the instructions and found no ambiguity. The other matter, finally, is just that Mr. Lee was not a – there was no prior convictions in this case. There were two adults who testified about prior incidents a long time ago. One adult was the basis of the current charge, and the other was the – was an uncharged offense. So there were no – this case does not involve prior convictions at all. It's also a case where the charged offenses were clearly disputed in the facts in this case, and if the Court were even to look at a harmless error in this case, it certainly is not harmless given these instructions. If there are no further questions, I'm prepared to submit. All right. Thank you both. The case was very well argued and will be submitted. The last case this morning is Garcia v. the Director of the California Department of Corrections.
judges: Tallman, Bybee, Bea